UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

       Plaintiff,                             Case No.: 09-cv-13421

v.                                             Hon. Gerald E. Rosen

RONALD L. STEWART, BEVERLY J.
STEWART, and SIMON & LEEMAN
CORP., INC.,

       Defendants.
_____/

**OPINION AND ORDER REGARDING
DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 8, 2009

PRESENT:   Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

## I. INTRODUCTION

On August 14, 2009, Plaintiff Comerica Bank commenced this suit against Defendants Ronald L. Stewart, Beverly J. Stewart and Simon & Leeman Corp., Inc., in Oakland County Circuit Court, seeking to enforce a lien on a yacht known as "Lots A Lettuce." Defendants timely removed the action, citing the Complaint's reliance on a preferred ship mortgage that was executed pursuant to the Federal Ship Mortgage Act. See 46 U.S.C. § 31301 *et seq*. Under 46 U.S.C. § 31325, this Court has original exclusive

jurisdiction over admiralty actions asserted *in rem* for a documented vessel, and original jurisdiction over admiralty actions asserted *in personam* against the mortgagor or guarantor of a ship mortgage for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness. See 46 U.S.C. §§ 31325(b)(1) and (2), 31325(c).

This matter is before the Court on Defendants' Motion for Entry of Judgment. Plaintiff has filed a response, and Defendants have replied. Having reviewed and considered the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS AND PROCEDURAL HISTORY

On May 8, 2003, Defendants Ronald L. Stewart and Beverly J. Stewart executed and delivered to Plaintiff Comerica Bank ("Comerica") a preferred ship mortgage covering a Sea Ray yacht known as "Lots A Lettuce," owned by the Stewarts. "Lots A Lettuce" is a U.S. vessel, duly documented under American law. The mortgage secured in part a loan from Comerica to the Stewart Defendants, evidenced by a promissory note in the amount of $1,300,000.00 executed on March 21, 2003, with Defendant Simon & Leeman Corp., Inc. acting as guarantor.[1]

---

[1] When executing the promissory note on March 21, 2003, the Stewarts also granted Comerica a security interest in, among other things, the yacht. This security

The Stewart Defendants subsequently defaulted on the note. Defendant Simon & Leeman Corp. has not paid the indebtedness. On August 14, 2009, Comerica commenced this action in the Circuit Court for Oakland County, Michigan, alleging breach of note and breach of guaranty, and seeking immediate possession of the yacht. Defendants removed the case to this Court on August 28 2009, characterizing Comerica's suit as an action *in rem* for the vessel, based on the alleged default of a preferred ship mortgage formed under the Federal Ship Mortgage Act, 46 U.S.C. § 31301 *et seq*. Comerica did not object to the notice of removal.

On October 29, 2009, Comerica filed a Motion to Arrest Vessel, requesting that the Court direct the clerk to issue a warrant for the arrest of the subject vessel, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions. Defendants thereafter filed a response to the Motion to Arrest Vessel, indicating that in the first week of November 2009 they had reached an agreement to sell "Lots A Lettuce" to a third party, with the net proceeds from the sale of $405,000 to be paid to Comerica. Comerica approved the sale and agreed to release its lien on the vessel if the Stewart Defendants signed a bank payoff letter, thereby rendering the Motion to Arrest Vessel moot.[2] During negotiations surrounding the sale of the vessel, the parties exchanged draft consent judgments, outlining the remaining amount due and owing on the

---

interest was perfected by the filing of a UCC financing statement with the Michigan Department of State on May 16, 2003.

[2] The Motion to Arrest Vessel nevertheless remains pending on the docket.

promissory note, set-off by the proceeds from the vessel short sale. The consent judgments differed only with respect to the applicable post-judgment interest rate.

On November 11, 2009, Defendants filed the present Motion for Entry of Judgment. Defendants do not dispute the amount due on the promissory note for principal and pre-judgment interest. However, they do dispute the post-judgment interest amount, arguing that the standard federal interest rate as set out in 28 U.S.C. § 1961 should apply. Comerica counters that the contractual rate of interest set out in the promissory note should apply.

### III. ANALYSIS

It is uncontested that: (1) Ronald and Beverly Stewart executed a promissory note in favor of Comerica; (2) the note was secured, in part, by a mortgage on "Lots A Lettuce," a documented U.S. vessel; (3) the mortgage covered the entire vessel; (4) Comerica performed all of its obligations under the note; (5) the Stewarts defaulted on the note; (6) the Stewarts' guarantor has failed to pay the indebtedness; and (7) the Stewarts still owe about $721,762.46 on the note.[3] Therefore, Comerica is entitled to judgment as a matter of law on Count I (breach of promissory note against Ronald and Beverly

---

[3] On November 10, 2009, Defendants signed a bank pay-off letter stating the amount due as $1,126,762.46, inclusive of interest and attorney's fees, plus per diem charges of $210.40 from November 6, 2009 through the date of this judgment. Comerica ultimately received the short-sale proceeds of $405,000.00 on November 13, 2009. Thus, this figure, $721,762.46, reflects the amount due and owing from the bank pay-off letter, as set off by the $405,000 proceeds from the short sale.

4

Stewart), and Count II (breach of guaranty against Simon & Leeman Corp.).[4] Defendants did breach the note and guaranty, and are liable to Comerica to the extent that Comerica's damages exceed what it was able to recover on the private sale of "Lots A Lettuce"—in effect, a deficiency judgment.

The only issue now before the Court is what post-judgment interest rate should be applied to this judgment. Comerica argues that the terms of the promissory note should dictate the rate of interest, since the dispute over the ship mortgage is moot and Comerica only seeks enforcement of the underlying note. Defendants, on the other hand, argue that post-judgment interest should accrue at the rate provided by 28 U.S.C. § 1961(a), because this action arises under federal admiralty law and the judgment sought is a federal judgment of this Court. The Court finds that the federal statutory interest rate applies because this action sounds in admiralty and because Comerica has provided no evidence that the parties contracted to an alternate post-judgment rate of interest.

Congress enacted 28 U.S.C. § 1961 to govern the award of post-judgment interest in federal court litigation. The purpose of post-judgment interest is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the [judgment] and the payment by the defendant." Kaiser

---

[4] The original complaint included two additional counts: Count III ("Open Account") seeking entry of judgment on the amount owing under the note, and Count IV ("Claim and Delivery"), seeking an order to turn over the yacht. Insofar as Count III merely restates the basis and relief sought in Counts I and II, it is incorporated therein. Count IV is mooted by the sale of the subject vessel.

Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36, 110 S. Ct. 1570 (1990) (quotations and alterations omitted). The statute provides:

> Interest *shall* be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a) (emphasis added). The statute effectively "remov[es] the award of such interest from the discretion of the District Court." Caffey v. Unum Life Ins. Co., 302 F.3d 576, 586 (6th Cir. 2002). However, some federal circuits have held that "[p]arties may contract to, and agree upon, a post-judgment interest [rate] other than that specified in § 1961." Society of Lloyd's v. Reinhart, 402 F.3d 982, 1003 (10th Cir. 2005); Central States, Southeast & Southwest Areas Pension Fund v. Bomar Nat., Inc., 253 F.3d 1011, 1020 (7th Cir. 2001) (citing Hymel v. UNC, Inc., 994 F.2d 260, 265 (5th Cir. 1993)).

Whether parties may contract out of the federal statutory rate of post-judgment interest appears to be a matter of first impression in the Sixth Circuit. Finally, in general, § 1961 has been found to be applicable to judgments rendered in admiralty. See Steelmet, Inc. v. Caribe Towing Corp., 842 F.2d 1237, 1243 (11th Cir. 1988); Gele v. Wilson, 616 F.2d 146, 148 (5th Cir. 1980) (citing Kotsopoulos v. Asturia Shipping Co., 467 F.2d 91, 95 (2d Cir. 1972)); but see Blevins v. United States, 769 F.2d 175, 181-82 (4th Cir. 1985) (holding that the § 1961 rate generally applicable to civil cases is not necessarily

6

applicable in admiralty actions *against the United States*).

This action sounds in admiralty. Comerica initially sought possession of a vessel, secured by a preferred ship mortgage under the Federal Ship Mortgage Act. See 46 U.S.C. § 31301 *et seq*. The Act allows a mortgagee to enforce a preferred ship mortgage lien in a civil action *in rem* for a documented vessel. 46 U.S.C. § 31325(b)(1). A mortgagee may also bring a cause of action *in personam* against the mortgagor or guarantor of a ship mortgage for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness. 46 U.S.C. § 31325(b)(2). In this case, Comerica brought an action seeking both possession of the subject vessel, and enforcement of the underlying note and guaranty. Comerica did not object to removal of this action to federal court under the Ship Mortgage Act. On the contrary, Comerica availed itself of the relief under admiralty law for *in rem* actions—namely, by seeking an order to arrest the vessel in this Court. Now, Comerica appears to argue that because the vessel has been sold to a third party, the bank's remaining claims do not sound in admiralty, and therefore should not be held to the federal standards set out for all civil actions in federal district court. While Comerica is correct in suggesting that a note and a mortgage given to secure that note are generally separate instruments, executed for different purposes, this alone is insufficient to take the Court's entry of judgment on the remaining deficiency outside the sweep of § 1961. Consequently, Comerica's arguments to apply the interest rate set out in the contract as the post-judgment interest rate are not well taken. In fact, Comerica has provided no legal basis for the argument that

extinguishment of a ship mortgage changes the nature of any remaining claims on the underlying note. Moreover, treating the remaining claims on the note and guaranty as an independent contract action does not itself justify a different calculation of post-judgment interest, where this Court routinely awards post-judgment interest in accordance with § 1961 on breach of contract actions.

In spite of the foregoing, Comerica argues that the parties mutually agreed to a post-judgment interest rate in the promissory note, and that this agreed-upon rate must govern. Specifically, Comerica argues that the rate of interest set in case of the debtor's default under the note dictates the rate of interest to be applied after judgment until full collection. Assuming *arguendo* that the parties have a right to contract around § 1961,[5] the Court can find no evidence of the alleged post-judgment provision in the promissory note. Contrary to Comerica's suggestions, a default rate of interest, without more, does not amount to a post-judgment rate of interest. See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004) (holding that contract clause providing for 15.5% interest on arbitration award "from the date payment was due to the date payment is made" did not apply to judgments rendered on that award, since it did not indicate the parties' intent to deviate from post-judgment interest rate set by state statute); see also In re Riebesell, No. 09-1072, 2009 WL 3448743, at *8 (10th Cir. Oct. 28, 2009). In

---

[5] As noted above, despite case law from other federal courts indicating that under certain circumstances parties may agree to a post-judgment interest rate other than that specified in § 1961, this is a matter of first impression in the Sixth Circuit.

Westinghouse, the court found that although the parties had agreed to a contract interest rate, the parties did not explicitly contract around the general rule under New York law, that "a debt created by contract merges with a judgment entered on that contract, so that the contract debt is extinguished and only the judgment debt survives." 371 F.3d at 102.

Here, Comerica provides no legal support for the view that a contract term on default rate of interest should supersede the federal statutory rate. Instead, Comerica cites two cases from other circuits, with inapposite procedural and factual contexts. First, Comercia relies on O'Tool v. Genmar Holdings, Inc., 387 F.3d 1188 (10th Cir. 2004), in which the Tenth Circuit reviewed a district court's entry of judgment on a jury verdict for the plaintiffs in a breach of contract action. The district court had refused to award post-judgment interest at the rate set in the underlying contract. Id. at 1206. The court of appeals held that, because the district court's analysis hinged on "the fact-intensive question of whether [plaintiffs were] procedurally barred from seeking the rate of post-judgment interest set forth in the parties' [contract]," and not the applicability of § 1961 more generally, the court would apply an abuse of discretion standard in reviewing the district court's decision. Id. at 1207. Ultimately, the court of appeals found that the district court's refusal to apply the contractual post-judgment rate because the plaintiffs had failed to timely raise the issue was not arbitrary or capricious, particularly where "as noted by the district court, plaintiffs' entitlement to the agreed-upon rate was '*not necessarily a given.*'" Id. (emphasis added). O'Tool therefore provides little support for Comerica's arguments, where the lower court did not even reach the statutory

9

interpretation of 28 U.S.C. § 1961, and the application of the federal statutory rate for post-judgment interest was ultimately affirmed. See id.

Second, Comerica relies on Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097 (9th Cir. 1998), in which the Ninth Circuit reviewed a lower court's decision in a mortgage foreclosure action to enforce an arbitration award. The award granted post-judgment interest at the rate mutually agreed upon in underlying promissory notes. Id. at 1104. In Citicorp, the mortgagor was bound by binding arbitration, and the relevant parties had stipulated to confirm the arbitration award specifying pre- and post-judgment interest rates. Id. The court of appeals thus focused its review of the interest rate analysis on the fact that, at arbitration, the plaintiff-lender requested "interest at the default rate set . . . in the Note[s] from March 1, 1991 to the date of entry of judgment *and, after judgment until collection*." Id. at 1108 (emphasis in original). The court noted that the arbitrator's award contained similar language, ordering that interest would accrue at the per diem rate specified "until judgment or paid in full." Id. On these facts, the court affirmed the district court's holding that, by stipulating to the arbitration award, the parties contractually waived their right to have post-judgment interest calculated at the federal statutory rate. Id.

In the present case, Comerica has offered no evidence that in signing the promissory note, the parties explicitly intended to set a default rate for both pre-judgment and post-judgment, until collection. Thus, the Citicorp decision is similarly inapposite.

For all the foregoing reasons, the Court finds that Comerica has failed to show

why the federal statutory rate for post-judgment interest should not be applied in this case.  Accordingly, the Court holds that Comerica is entitled to interest until judgment at the rate agreed upon by the parties and to post-judgment interest at the legal rate set out in 28 U.S.C. § 1961 until paid in full.

### IV.  CONCLUSION

NOW, THEREFORE,

IT IS HEREBY ORDERED that, for the reasons stated in this Order, the October 29, 2009 Motion to Arrest Vessel filed by Plaintiff Comerica Bank **[Dkt. # 6]** be DENIED, as moot.

IT IS FURTHER ORDERED that the November 11, 2009 Motion for Entry of Judgment filed by Defendants **[Dkt. # 7]** is GRANTED.

IT IS FURTHER ORDERED that Judgment be entered in favor of Plaintiff Comerica Bank and against Defendants Ronald L. Stewart, Beverly J. Stewart and Simon & Leeman Corp., Inc., in the amount of $721,762.46, plus per diem charges of $210.40 from November 6, 2009 through the date of this judgment, with post-judgment interest as provided in 28 U.S.C. § 1961.

The Court will enter Judgment reflecting this amount.

SO ORDERED.

                                      s/ Gerald E. Rosen
                                      Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: December 8, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 8, 2009, by electronic and/or ordinary mail.

                        s/Ruth A. Brissaud
                        Case Manager
                        (313) 234-5137